HOLDER, Justice,
concurring and dissenting.
The sole issue briefed and argued in this case was whether the decedent’s act of suicide is as a matter of law an intervening, superseding cause of the defendant’s negligence. The majority has held it is not, a conclusion in which I concur.
The majority has gone farther, however, to decide whether the act of suicide can be “compared” with the defendant’s negligence. I do not agree that this case presents an issue of comparative fault requiring us to decide whether the decedent’s intentional act of taking his own life should be compared with the negligence of the defendant. First, this determination is premature. The defendant’s answer does not raise the issue of the comparative fault of the decedent although the answer does plead the fault of the admin-istratrix of the estate with respect to her own actions. This Court has held in George v. Alexander, 931 S.W.2d 517, 520-21(Tenn.1996), that a party may not attempt, under the guise of determining “proximate cause,” to shift fault to another person unless *534 comparative fault is pled pursuant to Rule 8.03. Because the issue was not before the Court of Appeals and is not squarely before us, we have not had the benefit of the briefs of the parties on the issue of comparative fault under the facts of this case.
Although I would prefer to rely on the procedural posture of this case, I believe that the statements of the majority on the issue of comparative fault fail to provide guidance to the trial courts and attorneys of this state. The majority has held that suicide is not, as a matter of law, an intervening, superseding cause so as to bar the suit on behalf of Mr. White’s estate. I fully concur with this conclusion. To the extent that the majority is also holding that the act of suicide should not be used as a back-door maneuver to bar the claim, I would also agree. The defendant should not be permitted to allege that the decedent was fifty percent or more “at fault” solely because of his act of suicide.
I am unclear if the majority is holding that other facts and circumstances occurring prior to the suicide cannot be used to determine causation. To the extent that the majority does so hold, I dissent. In my opinion, the defendant should not be precluded from attempting to prove that Mr. White’s successful attempt to end his life was either not caused by the surreptitious administration of Antabuse or was caused by other factors. I do not read the majority opinion to preclude an allegation, in an appropriate case, of negligence on the part of the decedent/patient. A patient’s negligent acts or omissions have always been available as a defense. To read the majority opinion otherwise would be to alter the law of medical negligence in ways that I do not believe the majority intends.

ORDER

PER CURIAM.
The Court has considered the Petition for Rehearing filed by the defendant/appellee, and it is the decision of a majority of this Court that the petition is without merit. The Petition for Rehearing is denied.
DROWOTA and HOLDER, JJ., adhere to the views expressed in their original opinions.